COMMONWEALTH of Kentucky, Transportation Cabinet, Department of Vehicle Registration and Jerry Anglin, Acting Commissioner, Appellants,

v.

HANDI–VAN, INC.; Medi–Cab of Kentucky, Inc.; Leslie, Knott, Fletcher, Perry Community Action Council, Inc.; and A Hilltop Taxi, LLC, Appellees.

No. 2010–CA–001925–MR.

Court of Appeals of Kentucky.

Jan. 20, 2012.

Clayton B. Patrick, Frankfort, KY, for appellant.

Paul J. Vesper, Covington, KY, for appellee, Handi–Van, Inc.

Before COMBS and NICKELL, Judges; LAMBERT,[1] Senior Judge.

*OPINION*

COMBS, Judge:

The Commonwealth of Kentucky, Transportation Cabinet, Department of Vehicle Regulation; and Jerry Anglin, acting Commissioner, (collectively, "the Cabinet") appeal from an order of the Boone Circuit

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Court dismissing the Cabinet's petition for declaratory rights. After our review, we vacate and remand.

This action originated with the request of appellee Handi–Van, Inc., for the Cabinet to grant an administrative hearing. The hearing took place on September 17, 2007. Due to staffing and budgetary constraints, the Cabinet did not have attorneys available to serve as hearing officers. Therefore, it outsourced the hearing to the Division of Administrative Hearings at the Office of the Attorney General (OAG). The Cabinet's Office of Legal Services authorized the outsourcing with Official Legal Opinion No.2007–001.

At the beginning of the hearing, Handi–Van objected that a hearing officer from OAG presided, basing its objection on Kentucky Revised Statute[s] (KRS) 281.640. That statute mandates that hearing officers for all Cabinet matters be full-time employees of the Department of Vehicle Regulation. On September 20, 2007, the hearing officer remanded the case back to the Cabinet in order for a new hearing officer to be appointed.

The Cabinet then filed a petition for declaratory rights in Franklin Circuit Court, arguing that KRS 13B.030 allows a hearing officer from the OAG (who is not a full-time employee of the Cabinet) to preside. KRS 13B.020 provides that statutes in Chapter 13B supersede other relevant statutes. The Franklin Circuit Court agreed in an order entered on May 15, 2008. Handi–Van then appealed to this Court on the ground that the Franklin Circuit Court did not have jurisdiction. On May 1, 2009, this court vacated the order of the Franklin Circuit Court with instructions to transfer the matter to Boone Circuit Court.

In Boone Circuit Court, Handi–Van argued that the matter should be decided by the Office of the Governor because of the conflicting opinions of the Cabinet's legal office and the OAG's hearing officer. It based this argument on KRS 12.100, which provides that when two agencies issue contradictory orders, the resulting conflict should be resolved by the Governor's office. The Boone Circuit Court was persuaded by that argument and accordingly dismissed the petition for lack of jurisdiction. This appeal follows.

■ Our review is *de novo* because the issue of jurisdiction is a matter of law. *Appalachian Regional Healthcare, Inc. v. Coleman,* 239 S.W.3d 49, 54 (Ky.2007). The Cabinet first argues that the trial court erroneously applied KRS 12.100. We agree that it erred in doing so.

■ KRS 12.100 provides in pertinent part as follows: "in all cases where ... agencies issue conflicting orders or make conflicting rules, the Governor with the advice of the Governor's Executive Cabinet shall determine the questions[.]" Handi–Van argues that the hearing officer represented the OAG and that the Cabinet's legal office represented the Cabinet. It contends that the situation presents the very kind of conflicting opinions to which KRS 12.100 applies.

The Cabinet contends that because the hearing officer from the OAG issued his opinion while performing duties on behalf of the Cabinet, the two opinions did not issue from two different agencies as contemplated by KRS 12.100—essentially implying a sort of principal-agent relationship between two entities.

Based on the other pertinent statutes, we cannot agree that KRS 12.100 is applicable. The opinion of the OAG hearing officer was **not** an opinion of the OAG. Rather, it was a quasi-judicial opinion rendered as part of the Cabinet's administrative hearing process and was an opinion of the Cabinet. This matter actually involves

a conflict **between two statutes**—KRS 281.640 and KRS 13B.030.

As noted by both Handi–Van and by the trial court, KRS 281.640 includes the requirement that a hearing officer "**shall** be a practicing attorney in this state and ... **shall** be a full-time employee of the department." (Emphasis added.) However, that statute acknowledges that "[h]earings before the department shall be conducted in accordance with the provisions of KRS Chapter 13B."

KRS Chapter 13B was created in 1994 as an "umbrella" statute in order to assure standardized procedural protections. Richard H. Underwood, *Administrative Adjudication in Kentucky: Ethics and Unauthorized Practice Considerations*, 29 N. Ky. L.Rev. 359 (2002); KRS 13B.050. KRS 13B.020(1) supersedes "any other provisions of the [KRS] and administrative regulations, unless exempted under this section, to the extent these other provisions are duplicative or in conflict." The statute also provides that "[t]he provisions of this chapter shall apply to all administrative hearings conducted by an agency, with the exception of those specifically exempted under this section." The Cabinet is not listed as one of the exempted agencies. KRS 13B.020(3).

To recapitulate the statutes at issue, KRS 12.100 (directing resolution by the Governor) does not apply because no conflict between agencies *per se* exists. The Cabinet delegated its judicial role to the office of the OAG. The conflict that **does exist** is not between two agencies but rather between two statutes: KRS 281.640 and KRS 13B.030.

KRS 281.640 unequivocally provides that its hearing officer is required to be a full-time employee of the Cabinet. However, KRS 13B.030 expressly permits a hearing officer from the OAG to preside over Cabinet hearings—notwithstanding the re-quirement of KRS 281.640 that he be a full-time Cabinet employee. The conflict is patent.

The only correct resolution to this conflict is KRS 13B.020, which contemplates such a possible legal impasse by providing that KRS Chapter 13B supersedes all other relevant statutes unless exempted. KRS 281.640 enjoys no such exemption, and, therefore, its provision must yield to KRS 13B.030 allowing an OAG hearing officer to preside over a Cabinet hearing.

In order to promote fairness in administrative hearings, the General Assembly created a division of the OAG that is a special "pool of hearing officers for assignment to the individual agencies at their request, for the conduct of administrative hearings." KRS 15.111; KRS 13B.010(8). *See* Underwood, *supra*, at 362. KRS 13B.030 provides the procedures for an agency to use in contracting for hearing officers from the OAG and other agencies. The Cabinet availed itself of this option in utilizing a hearing officer from the OAG. It properly complied with both law and procedure.

We conclude that the Boone Circuit Court erred in dismissing the Cabinet's petition for declaration of rights. We vacate its order and remand for entry of a new order.

ALL CONCUR.